## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ILUMINADO DE JESÚS SILVA<br><br>**Plaintiffs**<br><br>v.<br><br>**Defendants**<br><br>BANCO POPULAR DE PUERTO RICO; INTERNATIONAL COLLECTION AGENCY & SERVICES INC; JOHN DOE AND JANE DOE; INSURANCE COMPANIES ABC | CASE NO.: 25-<br><br>**RE:** WILLFUL VIOLATIONS OF THE DISCHARGE INJUNCTION; VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT; ACTUAL AND PUNITIVE DAMAGES |

## COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW, ILUMINADO DE JESÚS SILVA** (hereinafter referred to as, "Plaintiff"), through the undersigned counsels, and before this Honorable Court respectfully **STATE**, **ALLEGES**, and **PRAY** as **FOLLOWS**:

## I. INTRODUCTION

1.     This case arises from Defendants' deliberate and willful violations of federal law, including the Fair Debt Collection Practices Act (hereinafter, the "FDCPA") and the Bankruptcy Code's Discharge Injunction. Despite the Plaintiff receiving a Discharge Order on June 20, 2024, which extinguished all personal liability for the consumer debt which is the object of this Complaint (the "Consumer Debt"), Defendants engaged in a pattern of misconduct designed to undermine federal consumer protections. For example, after the Consumer Debt was extinguished, Defendant International – acting on behalf of and at the instruction of Defendant Banco Popular de Puerto Rico ("BPPR") – continued collection efforts against Plaintiff demanding payment in excess of $3,600.00. Defendant International's demands were facially false, and in violation of the FDCPA,

as no such amounts were either due or owed. Defendant BPPR's use of coercive and collusive tactics to pressure Plaintiff into making payments on a debt which was no longer legally owed, represents a direct afront to the Bankruptcy Code's Discharge Order. These actions, taken knowingly and with reckless disregard for Plaintiff's rights, have caused significant harm. The violations of the FDCPA and the discharge injunction reflect an outrageous disregard for the legal protections afforded to Plaintiff, warranting this Court's intervention to award actual and punitive damages and to hold Defendant International and Defendant BPPR accountable for their unlawful conduct.

## II.  JURISDICTION AND VENUE

**2.**      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, because this action arises under federal law, including the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., and the Bankruptcy Code, 11 U.S.C. §§ 524 and 105.

**3.**      Jurisdiction is also proper under 28 U.S.C. § 1334, because this action arises in and under a case governed by Title 11 of the United States Code.

**4.**      Jurisdiction is further supported by 15 U.S.C. § 1692k(d), which provides for original jurisdiction in this Court over FDCPA actions.

**5.**      Venue is proper in this District because all the events and omissions giving rise to the claims asserted in the Complaint occurred within this judicial district. In addition, Defendants are domiciled in this District and/or do business within this District.

## III.  THE PARTIES

**6.**      Plaintiff, **Iluminado de Jesús Silva,** is a citizen of the Commonwealth of Puerto Rico, residing in Urb. Brisas de Canóvanas, 115 Calle Alondra, Canóvanas, Puerto Rico, 00729; therefore, has standing to appear as "Plaintiff."

7.      Defendant, **International Collection Agency & Services Inc.** (hereinafter, "International"), is a collection agency organized under the laws of the Commonwealth of Puerto Rico with a postal address of P.O. Box 2199, Vega Alta, P.R., 00692-2199. International is a collection agency that utilizes the instrumentalities of interstate commerce (i.e., telephone, e-mail, texts, US Mail, etc.) to conduct the business of collecting debts in the Commonwealth of Puerto Rico, both directly and indirectly, through its affiliates, subsidiaries, and other related entities and has legal capacity to sue and be sued. At all relevant times, International has acted directly and indirectly through its agents, employees, affiliates, subsidiaries, and other related entities and representatives committing and/or participating in acts against Plaintiff in violation of the FDCPA and therefore is responsible for the acts and damages discussed in this Complaint.

8.      Defendant, **Banco Popular de Puerto Rico** (hereinafter, "BPPR") is a financial and banking institution organized under the laws of the Commonwealth of Puerto Rico and/or a financial and banking institution that conducts substantial business in the Commonwealth of Puerto Rico, including but not limited to offering various financial products and services both directly and indirectly, through its affiliates, subsidiaries, and other related entities and with the legal capacity to sue and be sued. BPPR has a physical and postal address at Popular Center Building Suite 913, 209 Muñoz Rivera Avenue, San Juan, PR, 00918. At all relevant times, BPPR has acted directly and indirectly through its agents, employees, affiliates, subsidiaries, and other related entities and representatives committing and/or participating in acts against Plaintiff in violation of the Discharge Order provisions of the Bankruptcy Code and therefore is responsible for the acts and damages discussed in this Complaint.

9.      Defendants, **John Doe** and **Jane Doe** are fictitious names used to identify one or more individuals whose true identities are currently unknown, but who participated in the acts and

omissions giving rise to the claims committed against the Plaintiff. These individuals may include, but are not limited to, agents, employees, or representatives of all the Defendants, as well as their successors, assigns, or entities acting on their behalf.

10.    Defendants, **Insurance Companies ABC**, are the insurers of the Defendants, known and unknown, in this proceeding. As such, they are liable for the Defendants' actions against the Plaintiff under applicable law and are responsible for the damages and misconduct alleged in this Complaint.

## IV.  THE FACTS

A.    **General Allegations.**

11.    Plaintiff re-alleges and incorporate by reference each and every preceding allegation as if fully set forth herein.

12.     Prior to March 15, 2019, Plaintiff entered into a consumer credit transaction with Banco Popular de Puerto Rico (hereinafter, "BPPR"), specifically account ending in #6289, a BPPR credit card (hereinafter, the "Consumer Debt").

13.    The Consumer Debt was incurred primarily for personal, family, or household use, benefiting Plaintiff and his household.

14.    The Consumer Debt qualifies as a "debt" under the definition set forth in 15 U.S.C. § 1692a(5), as it was claimed to have been incurred for personal, family, or household purposes.

15.    As a natural person purportedly obligated to pay the Consumer Debt, Plaintiff meets the definition of a "consumer" under 15 U.S.C. § 1692a(3).

16.    On March 15, 2019, due to on-going financial difficulties, the Plaintiff sought and obtained bankruptcy protection by and through Chapter 13 of the United States Bankruptcy Code (the "Bankruptcy Case").

17.    BPPR received due and actual notice of the Bankruptcy Case. *See*, Proof of Claim #1 where BPPR sought to collect on the Consumer Debt (hereinafter, "POC #1") of the Bankruptcy Case.

18.    After all due procedural events, on June 20, 2024, the Honorable Bankruptcy Court entered a Discharge Order in the Bankruptcy Case (hereinafter, the "Discharge Order"). *See*, Dk. #88 of the Bankruptcy Case.

19.    The Discharge Order extinguished Plaintiff liability, if any, on the Consumer Debt.

**B.    Allegations Related to the Violations of the Fair Debt Collection Practices Act:**

20.     Plaintiff re-alleges and incorporate by reference each and every preceding allegation as if fully set forth herein.

21.    The FDCPA defines a "debt collector" to include, among others: **(1)** any person who utilizes any instrumentality of interstate commerce or the mails as part of a business whose principal purpose is the collection of debts, and **(2)** any person who regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed to another. *See*, 15 U.S.C. § 1692a(6).

22.    International is a collection agency that employs interstate commerce channels, including telephone, email, text messages, and the U.S. mail, to conduct its debt collection activities

23.    International routinely collects or attempts to collect debts on behalf of third-party creditors, either directly or indirectly.

24.    On or before October 7, 2024 International was informed by BPPR that the Consumer Debt had been extinguished by the Discharge Order.

25.    In addition, on/or before October 7, 2024 International conducted what is commonly known as a "bankruptcy scrub" to determine whether the Consumer Debt was subject to a

discharge injunction; therefrom, learning that the Consumer Debt was uncollectable due to the Discharge Order.

26.     As a result of being informed by BPPR and/or its own "bankruptcy scrub" - on/or before October 7, 2024 - International gained, at the very list, constructive knowledge that the Consumer Debt was subject to a bankruptcy discharge injunction and not subject to collection.

27.     Despite having at least constructive knowledge of the Discharge Order, International engaged in unlawful collection efforts related to the discharged Consumer Debt.

28.     Specifically, on or before October 7, 2024, International was retained by Defendant BPPR to collect on the discharged Consumer Debt.

29.     On or about October 7, 2024 International mailed a debt collection letter to Plaintiff demanding payment on an amount of no less than $3,628.58; all of the above related to the Consumer Debt (the "Collection Letter").

30.     The Collection Letter was facially false as it sought to collect a balance that had been included in the Bankruptcy Case and which had been discharged.

31.     The Collection Letter identified International as "International Collection Agency & Services Inc., **acting as a servicing agent contracted by Banco Popular de Puerto Rico for the collection of the referenced account. . .**". Furthermore, the Collection Letter explicit purpose was to collect the Consumer Debt: "**We are attempting to collect a debt you owe to Banco Popular de Puerto Rico**. Any information you provide **may be used for the purpose of collecting this debt.**" (emphasis ours). (translation ours).

32.     The Collection Letter, without a doubt, qualifies as a "communication" under 15 U.S.C. § 1692a(2) as it was used to convey information regarding the Consumer Debt.

33. The Collection Letter contained false, misleading, and deceptive representations regarding the enforceability of the discharged Consumer Debt.

34. International falsely asserted that Plaintiff owed a legally unenforceable balance, despite the fact that the Discharge Order had eliminated any personal liability for the debt.

35. International utilized interstate commerce, including the United States mail, to attempt to collect the discharged Consumer Debt, thereby engaging in conduct regulated under the FDCPA.

36. By attempting to collect a discharged debt through false, misleading, and unfair means, International engaged in unlawful collection practices in violation of the FDCPA.

37. As a direct result of International's deceptive and improper collection actions, Plaintiff suffered financial harm, emotional distress, and anxiety caused by the wrongful collection attempt.

**C.    Related to Defendants' Violations of the Discharge Injunction:**

38. In the Bankruptcy Case, the Plaintiff properly and adequately scheduled the Consumer Debt in his bankruptcy schedules.

39. In addition, BPPR was the creditor scheduled as the entity to whom the Consumer Debt was allegedly owed. *See,* Dk. #1 of the Bankruptcy Case.

40. On March 20, 2019, the Clerk of the Bankruptcy Court filed a Certificate of Notice in the Bankruptcy Case.  *See,* Dks. #8 to #10, Certificates of Notices of the Bankruptcy Case.   In the Certificate of Notice, the Clerk of the Bankruptcy Court confirmed that BPPR had been served with a copy of the Notice of Chapter 13 Bankruptcy Case.  Id.

41. In addition, on March 26, 2019, BPPR filed a Bankruptcy Proof of Claim related to the Consumer Debt for the amount $4,072.27. *See*, Proof of Claim #1 (hereinafter, "POC #1") of the Bankruptcy Case.

42.     BPPR had constructive and actual notice of the Bankruptcy Case and that the Consumer Debt was part of the Bankruptcy Case.

43.     After all due procedural events, on June 20, 2024, the Honorable Bankruptcy Court entered a Discharge Order in the Bankruptcy Case (hereinafter, the "Discharge Order"). *See*, Dk. #88 of the Bankruptcy Case.

44.     Accordingly, the Consumer Debt was discharged by and through the Discharge Order entered in the Bankruptcy Case.

45.     A Certificate of Notice, listing BPPR amongst the creditors who received notice of the Discharge Order, was filed by the Clerk of Court on June 23, 2024. *See*, Dk. #89 of the Bankruptcy Case.

46.     As such, BPPR had constructive and/or actual knowledge of the Discharge Order.

47.     On or before October 7, 2024, BPPR retained Defendant International for the specific purpose of collecting on the discharged Consumer Debt.

48.     Acting on BPPR's behalf and under its authority, BPPR demanded that International mail a collection letter to Plaintiff demanding payment in the amount of $3,628.58 (hereafter, the "Collection Letter").

49.     In fact, the Collection Letter send by International expressly stated: "International Collection Agency & Services Inc., **acting as a servicing agent contracted by Banco Popular de Puerto Rico for the collection of the referenced account**, wishes to keep you informed regarding any matters related to your accounts as part of our core service commitment. **We are attempting to collect a debt you owe to Banco Popular de Puerto Rico**. Any information you provide **may be used for the purpose of collecting this debt.**" (emphasis ours). (translation ours).

50.    BPPR's act of attempting to collect from Plaintiff over $3,600.00 – on a debt previously discharged by the Bankruptcy Code's Discharge Order – by and through retaining a third-party debt collector to pursue payment of the discharged debt constitutes a willful violation of the discharge injunction under 11 U.S.C. § 524(a)(2), which prohibits "any act to collect, recover, or offset any such debt as a personal liability of the debtor."

51.    In doing so, BPPR knowingly disregarded Plaintiff's discharge protections and sought to coerce Plaintiff into repaying a debt that no longer legally demandable, causing substantial emotional and financial harm.

## V.    COUNT I - VIOLATION OF 15 U.S.C. §1692 – as to Defendant International

52.    Plaintiff reasserts and incorporates each and every preceding allegation as if fully set forth herein.

53.    Defendant International violated multiple provisions of the FDCPA.

54.    For example, § 1692c(a)(2) of the Fair Debt Collection Practices Act ("FDCPA") prohibits debt collectors from communicating with a consumer in connection with the collection of any debt if the debt collector knows or can readily ascertain that the consumer is represented by an attorney with respect to such debt. *See*, 15 U.S.C. § 1692c(a)(2).

55.    At all relevant times, Defendant International had knowledge of Plaintiff's bankruptcy filing and that plaintiff was represented by Counsel as to the Consumer Debt.

56.    For example, Defendant International was informed by Defendant BPPR of Plaintiff's Bankruptcy Case.

57.    Similarly, Defendant International gained knowledge of Plaintiff's Bankruptcy when, on/or before October 7, 2024, it performed a so-called "bankruptcy scrub."  This, because Plaintiff's bankruptcy filing and discharge were publicly available through the PACER system.

**58.**     Despite this, International sent the Collection Letter to Plaintiff – directly - on or before October 7, 2024, demanding payment on the discharged Consumer Debt.

**59.**     International knew or should have known or could readily ascertain that Plaintiff was represented by an attorney in connection with the Consumer Debt, as the bankruptcy proceeding was publicly filed, and BPPR, the original creditor, had received notice of the Discharge Order.

**60.**     By directly communicating with Plaintiff regarding the discharged Consumer Debt, despite knowledge of his legal representation and the Discharge Order, International violated 15 U.S.C. § 1692c(a)(2).

**61.**     Defendant International also violated 15 U.S.C. § 1692e.

**62.**     The Fair Debt Collection Practices Act ("FDCPA") prohibits debt collectors from employing false, deceptive, or misleading representations in connection with debt collection efforts. *See*, 15 U.S.C. § 1692e.

**63.**     Specifically, 15 U.S.C. § 1692e enumerates conduct that violates this prohibition, including, without limitation: **(1)** False misrepresentation of the character, amount, or legal status of a debt (§ 1692e(2)(A)); and **(2)** Employing deceptive means to collect or attempt to collect a debt (§ 1692e(10)).

**64.**     The FDCPA is a strict liability statute, meaning that a debt collector's intent or knowledge is irrelevant when determining liability for misrepresentations. *See*, <u>Vangorden v. Second Round, Ltd. P'ship</u>, 897 F.3d 433, 437-38 (2d Cir. 2018); <u>Randolph v. IMBS, Inc</u>., 368 F.3d 726, 730 (7th Cir. 2004).

**65.**     International's October 7, 2024, Collection Letter falsely stated that Plaintiff owed a balance of $3,628.58 to BPPR, constituting a direct misrepresentation of the character, amount, and legal status of the alleged debt in violation of 15 U.S.C. § 1692e(2)(A).

66.     The Collection Letter misrepresented the debt by falsely asserting that Plaintiff owed a balance when, in fact, the Consumer Debt had been discharged in full through the Bankruptcy Case and Discharge Order and was no longer personally enforceable against Plaintiff.

67.     Additionally, International violated 15 U.S.C. § 1692e(10), among others, by using deceptive means to pressure Plaintiff into believing that he still owed money and needed to act immediately to avoid further financial harm.

68.     The Collection Letter falsely suggested that Plaintiff remained obligated to pay a balance to BPPR when, in fact, no money was owed all in direct violation of 15 U.S.C. § 1692e.

69.     In addition, Defendant International also violated 15 U.S.C. § 1692f.

70.     The Fair Debt Collection Practices Act ("FDCPA") expressly prohibits debt collectors from employing unfair or unconscionable means to collect or attempt to collect a debt. *See*, 15 U.S.C. § 1692f.

71.      15 U.S.C. § 1692f(1) expressly states:

> The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

72.     International violated, without limitation, 15 U.S.C. § 1692f(1) by attempting to collect a debt that Plaintiff did not owe—hence an amount not authorized by agreement nor permitted by law. Specifically, in its October 7, 2024, Collection Letter, International demanded payment of $3,628.58 for an alleged Consumer Debt that had already been fully discharged.

73.     Demanding payment for a debt that has been legally discharged in bankruptcy is inherently unfair and unconscionable. By doing so, International knowingly placed Plaintiff in a position of financial and legal uncertainty, coercing him into expending time, effort, and financial resources to contest an obligation that no longer existed.

**74.**    As a result of International's violations of 15 U.S.C. § 1692, Plaintiff is entitled to an award of actual damages and statutory damages pursuant to 15 U.S.C. § 1692k.

**75.**    Plaintiff is further entitled to an award of costs and attorney's fees under 15 U.S.C. § 1692k.

### VI.  COUNT II - WILLFUL VIOLATIONS OF THE DISCHARGE INJUNCTION

**76.**    Plaintiff re-alleges and incorporates by reference each and every preceding allegation as if fully set forth herein.

**77.**    11 U.S.C. § 524(a)(2) provides that:

> [A discharge in a case under this title—] operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.

**78.**    Notwithstanding that Defendant BPPR had actual and/or constructive notice of the Discharge Order, BPPR acted in defiance of the Discharge Order by continuing its collection efforts against Plaintiff as to the discharged Consumer Debt.

**79.**    More specifically, after the Discharge Order was entered, and despite having received notice of the same, BPPR attempted to collect from Plaintiff, by collusively contracting with International to act as BPPR's agent for the purpose of collecting the discharged debt Consumer Debt.

**80.**    As such, BPPR caused International to send the Collection Letter to Plaintiff demanding payment in the amount of $3,628.58.

**81.**    The Collection Letter expressly stated that Interntational was retained BPPR for the purpose to collect on the discharged Consumer Debt. The Collection Letter particularly stated that International was "**[a]cting as a servicing agent contracted by Banco Popular de Puerto Rico for the collection of the referenced account. . .**" (emphasis ours). (translation ours).

82.     Because BPPR had knowledge of the Bankruptcy Case and the Discharge Order, its conduct was willful, intentional, and in blatant disregard of the discharge injunction.

83.     BPPR's acts constitute a flagrant violation of the discharge injunction under 11 U.S.C. § 524(a)(2), which prohibits any act to collect a discharged debt as a personal liability of the debtor.

84.     These acts, after the issuance of the Discharge Order, reflect an outrageous disregard for Plaintiff's right to a "fresh start," which is a central purpose of the Bankruptcy Code.

85.     BPPR's conduct has gravely frustrated Plaintiff's financial rehabilitation and caused substantial harm.

86.     As a direct and proximate result of BPPR's willful, intentional, and unlawful violation of the Discharge Order, Plaintiff has suffered and continues to suffer economic, physical, and emotional damages.

## VII. <u>DAMAGES AND REMEDIES REQUESTED</u>

87.     Plaintiff re-alleges and incorporates by reference each and every preceding allegation as though fully set forth herein.

88.     As a direct and proximate result of International's and BPPR's repeated and willful violations of the FDCPA and the Bankruptcy Code, Plaintiff has suffered significant financial and emotional harm, for which he is entitled to full and fair compensation.

89.     Due to International's willful disregard for Plaintiff's rights and violations of the FDCPA, Plaintiff was forced to incur attorney fees and other associated costs to determine whether he was obligated to pay on the debt alleged in the Collection Letter.

90.     Furthermore, Plaintiff incurred the actual monetary costs and expense of travel, asset depreciation (auto and cell phone) as well as the opportunity cost of wasted time in researching the allegations of the debt in the Collection Letter.

91.     As a result of such damages, Plaintiff seeks statutory and punitive damages to deter Defendants from engaging in future unlawful conduct pursuant to 15 U.S.C. § 1692k.

92.     Similarly, as a result of Defendant's BPPR collusive efforts to collect from Plaintiff, all in violation of the Discharge Injunction, Plaintiff also suffered damages.

93.     For example, Plaintiff was forced to incur unnecessary legal expenses to retain counsel to review and challenge Defendants' unlawful collection practices. These expenses include, but are not limited to, attorney's fees for investigating, disputing, and litigating the false and deceptive collection efforts of BPPR; and additional financial burdens resulting from their coercive and misleading statements regarding the alleged Consumer Debt.

94.     BPPR's collection efforts caused Plaintiff to suffer severe emotional distress, anxiety, and undue financial insecurity due to the false claim that Plaintiff owed a balance when, in fact, no amount was due. These efforts disrupted Plaintiff's financial peace of mind and forced him to expend time, effort, and resources disproving a discharged debt.

95.     As a result of Defendants' conduct, Plaintiff also suffered distress effects, including but not limited to headaches, muscle tension, and other physical manifestations of stress and anxiety.

96.     Due to Defendants' willful disregard for Plaintiff's rights and violations of the Bankruptcy Code, Plaintiff seeks statutory and punitive damages to deter Defendants from engaging in future unlawful conduct.  Specifically, Plaintiff respectfully requests the following relief from this Court: (1) Actual damages, in an amount to be determined at trial, but no less than $30,000.00, for the economic and emotional harm suffered as a direct result of BPPR's unlawful actions; (2) Punitive damages, in an amount sufficient to punish Defendants for their egregious conduct and deter similar future violations; and (3) Reasonable attorneys' fees and litigation costs, as provided under

11 U.S.C. § 105; (4) Declaratory relief finding that Defendants' conduct violated the Bankruptcy Code; (5) Any additional relief this Court deems just and appropriate.

**WHEREFORE,** in view of the foregoing, Plaintiff respectfully requests from this Honorable Court to enter a Judgment in Plaintiff's favor, granting the remedies requested in this Complaint and such other remedies as may be fair and equitable

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 7th day of May 2025.

> **THE BATISTA LAW GROUP, PSC.**
> Capital Center I
> 239 Ave Arterial de Hostos Suite 206
> San Juan, Puerto Rico, 00918-1475
> Telephone: (787) 620-2856
> Facsimile: (787) 777-1589
>
> */s/ Jesus E. Batista Sánchez*
> Jesus E. Batista Sánchez, Esq.
> USDC-PR No. 227014
> jeb@batistasanchez.com
>
> */s/ Carlos A. Ortiz Morales*
> Carlos A. Ortiz Morales, Esq.
> USDC-PR No. 120402
> comlaw@gmail.com